IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-05065-GPG

DIALLO MOUHAMADOU,

Petitioner,

v.

JUAN BALTAZAR, Warden Denver Detention Center, Aurora, Colorado,
GEORGE VALDEZ,
MARKWAYNE MULLIN,
TODD LYONS, and
TODD BLANCHE,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.SC. § 2241 (Petition) (D. 1).[1]

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

[1] The Court must construe the Petition liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

Petitioner previously filed a habeas petition that the Court denied after Petitioner received an unfavorable bond hearing. *See Diallo v. Warden*, No. 26-cv-03639-GPG, ECF No. 12 (D. Colo. Sept. 14, 2026). That case resolved issues related to Petitioner's initial detention and bond determination, and Petitioner has not provided a reason to revisit those determinations. Accordingly, Petitioner's related assertions are rejected.

On October 5, 2026, Petitioner filed the instant Petition, adding arguments related to indefinite detention (D. 1 at 2), which the Court will address here.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court' s final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6). As a constitutional matter, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Under this standard, Petitioner is not required to "show the absence of *any* prospect of removal – no matter how unlikely or unforeseeable." *Id.* at 702. He must simply show that removal is not significantly likely in the reasonably foreseeable future.

Although Respondents concede the length of detention, they present competent evidence that Petitioner is failing to cooperate in removal efforts by preventing a passport application (D. 11-1 at 4). Petitioner was served "with a Notice of Failure to Comply Pursuant to 8 C.F.R. § 241.4(g) after he refused to comply with ICE's efforts to complete the travel document application" (*id.*). Despite an opportunity to do so (*see* D. 7), Petitioner has not responded or contested this evidence.

Applicant's failure to cooperate with ICE's efforts to remove him to Senegal or a third country by refusing to allow completion of a passport application is fatal to his *Zadvydas* claim. *See, e.g., Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008) (rejecting *Zadvydas* claim for alien in custody for more than three years in part because the petitioner refused "to cooperate with ICE officials in obtaining a Nigerian passport and other necessary travel documents); *Zayas Rodriguez v. Baltasar,* 26-cv-00686-RMR, 2026 WL 1618516, at *6 (D. Colo. June 5, 2026) (rejecting *Zadvydas* claim because "the only thing preventing Respondents from effectuating

Petitioner's removal [to Mexico as a third country] is Petitioner's own refusal to sign the Notice of Removal"); *Hernandez Montes v. Ceja,* No. 26-cv-01390-CNS, 2026 WL 1469231, at *2 (D. Colo. May 26, 2026) ("Petitioner's refusal to sign [Notice of Removal to Mexico as a third country] is fatal to his request for habeas relief."); *Alhadje v. Guadian*, No. 25-cv-04153-CNS, 2026 WL 783726 (D. Colo. Mar. 20, 2026) ("Petitioner's acknowledged refusal to board the flight to Louisiana [for staging for removal] does not raise the specter of indefinite detention that might otherwise give rise to a valid habeas claim."); *see also Singh v. Barr*, No. 17-cv-03057-DDD, 2019 WL 2452822, at *4 (D. Colo. June 12, 2019) (rejecting *Zadvydas* claim in part because "there is no showing that India would not receive [the petitioner], and his continued detention is of his own doing.").

For the reasons stated herein, the Court finds and concludes that Petitioner's constitutional rights have not been violated. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D. 1) is DENIED. It is further

ORDERED that the Clerk of Court enter final judgment and close the case.

DATED November 25, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge